## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| **KADEEM JAMES VAUGHN,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | :     Case No. 5:24-CV-00399-TES-CHW |
| | : |
| **HAYS STATE PRISON,** *et al.*, | : |
| | : |
| **Defendants.** | : |
| | : |

## **ORDER**

Pending before the Court are the claims of *pro se* Plaintiff Kadeem James Vaughn, a prisoner most recently incarcerated in the Macon State Prison in Oglethorpe, Georgia. On December 30, 2024, the Court ordered Plaintiff to recast his Complaint on one of the Court's standard forms. Plaintiff was given fourteen (14) days to comply, and he was advised that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this action. *See generally* ECF No. 4.

The time for compliance passed without a response from Plaintiff. On February 14, 2025, Plaintiff was thus ordered to respond and show cause why this case should not be dismissed for the failure to comply with the Court's previous orders and instructions. Plaintiff was also instructed that he must comply with the Court's December 30th Order if he wished to proceed with this action. Plaintiff was again given fourteen (14) days to respond, and he was again warned that the failure to comply with the Court's orders and instructions would result in the dismissal of his Complaint. *See generally* ECF No. 5.

The time for compliance has again passed without a response from Plaintiff. As Plaintiff was previously warned, the failure to comply with the Court's orders and instructions is grounds for dismissing this case. This action is therefore **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.").[1]

**IT IS SO ORDERED**, this 18th day of March, 2025.

    S/ Tilman E. Self, III
    TILMAN E. SELF, III, JUDGE
    UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.